Filed 10/9/25  P. v. Clark CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ISAIAH MARK CLARK,<br><br>    Defendant and Appellant. | E086070<br><br>(Super.Ct.No. RIF2302409)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Brian Hill, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.).  Affirmed.

Jill Kent, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

In 2025 Isaiah Mark Clark pled guilty to multiple felonies.  He appealed his judgment.  His attorney filed a brief under the authority of *People v. Wende* and *Anders v. California*[1] informing this court they were unable to identify any errors and asking us to perform an independent review of the record.  Based on our independent review of the record, we find no error and affirm.

## BACKGROUND

In 2024 the Riverside County District Attorney charged Clark via information with causing serious injury while driving a vehicle and evading the police (Veh. Code § 2800.3, subd. (a)) (Count 1), failing to render aid after being a driver involved in an accident (§ Veh. Code § 20001, subd. (a)) (Count 2), two counts of attempting to elude police (Veh. Code § 2800.2) (Counts 3 and 4), resisting arrest (Pen. Code § 148, subd. (a)(1)) (Count 5), and driving on a suspended license (Veh. Code § 14601.2, subd. (a)) (Count 6).  The information also alleged Clark personally inflicted great bodily injury in connection with Count 4 (Pen. Code § 12022.7, subd. (a)) and that he committed the offenses while out on bail.  (Pen. Code § 12022.1.)  Finally, the information alleged Clark had two prior serious felonies (Pen. Code § 667, subd, (a)), two prior strikes (Pen. Code §§ 667, subds. (c) & (e)(2)(A), 1170.12, subd. (c)(2)(A)) and that there were three aggravating factors (Cal. Rules of Court, rule 4.421(b)(2), (b)(3), (b)(5)).

In 2025 Clark entered into a plea agreement which required him to plead guilty to all charges, admit to one prior strike, and admit to the enhancement that he was on bail at

---

[1] *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*); *Anders v. California* (1967) 386 U.S. 738 (*Anders*).

the time of the offenses, in exchange for a final aggregate sentence of 14 years. Following the terms of this plea, the court struck one of his prior strikes and sentenced him to the upper term of seven years for Count 1, doubled due to the remaining prior strike for a total of 14 years. On the remaining charges and allegations, the court struck the strikes for purposes of sentencing, struck Count 6 entirely, and imposed concurrent sentences for each of the remaining counts (2 years each for Counts 2-4 and time served for Count 5). The court also stayed the admitted bail enhancement and struck the great bodily injury enhancement for Count 4. Finally, the court credited Clark with 803 days of credit, which Clark's counsel agreed was the correct number of credits.

Clark appealed. He did not obtain a certificate of probable cause, and only challenges his "sentence or other matters occurring after the plea."

DISCUSSION

We appointed counsel to represent Clark on appeal, and counsel has filed a brief under the authority of *People v. Wende* and *Anders v. California*, setting forth a statement of the case and a summary of the facts and asking us to conduct an independent review of the record. Counsel's brief raised no potential issues for our consideration. We offered Clark an opportunity to file a personal supplemental brief, and he has not done so.

We have independently reviewed the record for potential error as required by *People v. Kelly* (2006) 40 Cal.4th 106 and find no arguable error that would result in a disposition more favorable to Clark.

3

DISPOSITION

We affirm the judgment.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL_____
                                                    J.

We concur:


CODRINGTON_____
            Acting P. J.


FIELDS_____
            J.